**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONARD D. WHITE, SR.,

　　Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

　　Respondent - Appellee.

No. 02-5008
(D.C. No. 00-CV-611-E)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Leonard White's *pro se* requests for a certificate of appealability ("COA") and for permission to proceed on appeal *in forma pauperis*. White seeks a COA so that he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A). We **grant** White's request to proceed *in forma pauperis*. Nevertheless, because White has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

White pleaded guilty in Oklahoma state court to Unlawful Possession of a Controlled Dangerous Substance (methamphetamine), After Former Conviction of Two or More Felonies. He was sentenced to twenty years' imprisonment. After exhausting his state remedies, White filed the instant § 2254 habeas petition rasing the following three claims: (1) his guilty plea was not knowing and voluntary; (2) he was denied effective assistance of counsel during the entry of his guilty plea; and (3) his guilty plea was invalid because the state trial court failed to follow established procedures for accepting such a plea. After reviewing the state court record, including the transcripts of White's plea hearing and the hearing on the motion to withdraw plea, the district court concluded that the Oklahoma Court of Criminal Appeals' resolution of White's coerced plea and ineffective assistance claims was not contrary to or an unreasonable application of

-2-

Supreme Court precedent. *See* 28 U.S.C. § 2254(d). As to White's claim that the state trial court failed to comply with state procedures regarding the acceptance of a guilty plea, the district court concluded that the claim was not cognizable in a § 2254 petition because it involved a simple alleged error of state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (holding that "federal habeas corpus relief does not lie for errors of state law"). Accordingly, the district court concluded that White was not entitled to habeas relief and dismissed White's petition.

This court may issue White a COA only if he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make such a showing by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted). This court has closely reviewed White's application for a COA and appellate brief, the district court's order, and the entire record on appeal. That review demonstrates that the district court's resolution of White's petition is not reasonably debatable and that the issues he seeks to present on appeal are not deserving of further proceedings. Accordingly, we **GRANT** White's request to proceed on appeal *in forma pauperis*, **DENY** White's request

for a COA, and **DISMISS** this appeal for substantially those reasons set out in the district court's order dated January 9, 2002.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge